**In re Petition for DISCIPLINARY ACTION AGAINST Barrie S. SCHUMACK, an Attorney at Law of the State of Minnesota.**

**No. C6–99–1781.**

Supreme Court of Minnesota.

Aug. 21, 2000.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Barrie S. Schumack has committed professional misconduct warranting public discipline, namely, engaging in a pattern of neglect and noncommunication, failing to return client files, failing to provide accountings and return unearned fees, failing to properly pay court-ordered judgments against him, and failing to cooperate in the investigation of disciplinary complaints filed against him in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.16(d) 8.1(a)(3) and 8.4(d). Respondent received an admonition in 1992 and private probation in 1993 for similar misconduct.

In mitigation, respondent submitted medical reports from a physician and a licensed clinical psychologist providing evidence that a sleep disorder, coupled with depression, caused or substantially contributed to his misconduct. It appears that while respondent's misconduct cannot be characterized as nonserious, no client has suffered lasting injury.

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and two years of supervised probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to

monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Until a supervisor has signed a consent to supervise, the respondent shall, on the first day of each month, provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Within 30 days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

f. So long as respondent remains in solo practice he shall maintain an office-sharing arrangement with other attorneys which provides daily interaction with other professionals who are aware of this probation.

g. Respondent shall continue treatment of his sleep disorder including the regular use of a CPAP as recommended by his physician. Respondent's physician shall monitor his use of the CPAP and report respondent's compliance with this requirement as requested by the Director's Office.

h. Respondent shall commence or continue direct therapy for the psychological conditions and personality factors which contributed to the impairment identified by Dr. Wojcik. Respondent's mental health professional must be aware of his physical, psychological and disciplinary history and shall report quarterly to the Director's Office on the status of respondent's treatment. Respondent shall provide authorizations to the Director's Office and to the mental health professional allowing unrestricted communication regarding respondent's mental health treatment and his probation, including future disciplinary complaints, if any.

i. Respondent shall complete repayment of the $8,764.37 judgment against him in the Weller bankruptcy matter and shall provide copies of his payments to the Director's Office on a monthly basis.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Barrie S. Schumack is publicly reprimanded and placed on two years supervised probation subject to the above-

stated conditions, and that he shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR.

BY THE COURT:

Alan C. Page
Associate Justice