## In re PETITION FOR DISCIPLINARY ACTION AGAINST Barrie S. SCHUMACK, an Attorney at Law of the State of Minnesota.

### No. C6–99–1781.

Supreme Court of Minnesota.

Jan. 23, 2003.

## ORDER

Respondent Barrie S. Schumack was placed on supervised probation for misconduct that included engaging in a pattern of neglect and noncommunication, failing to pay a law-related debt, and failing to cooperate with an ethics investigation conducted by the Director of the Office of Lawyers Professional Responsibility. *In re Disciplinary Action Against Schumack,* 615 N.W.2d 830 (Minn.2000). The Director has filed a petition for revocation of probation and for further disciplinary action alleging that respondent has committed professional misconduct warranting public discipline while on probation, namely, that respondent neglected a client matter, failed to adequately communicate with that client, failed to pay a law-related debt, and failed to cooperate with his probation supervisor and the Director in violation of the terms of probation and Minn. R. Prof. Conduct 1.3, 1.4, 3.4(c), 8.1(a)(3), and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

The parties have entered into a stipulation in which respondent unconditionally admits the misconduct and the parties jointly recommend that the appropriate discipline is a six-month suspension. The parties further recommend that, in light of respondent's renewed psychological treatment, the suspension be stayed and re-spondent be placed on supervised probation subject to the following conditions:

a. Respondent shall abide by each of the conditions set out in the court's order in *In re Disciplinary Action Against Schumack,* 615 N.W.2d 830 (Minn.2000).

b. Respondent shall limit his practice to criminal defense, implied consent matters, license plate impoundments, and any property forfeiture cases based on alleged illegal activity of the client. The respondent may complete all civil matters currently pending and cited in his November 2002 case inventory supplied to the Director's Office. In addition, the respondent may represent himself in any civil action and, with the prior consent of the Director's Office and his supervisor, any other civil matter. Nothing in this restriction shall prevent the respondent from acting as a qualified neutral or arbitrator.

c. Respondent shall respond to communications from the Director's Office and his supervisor within three business days of receipt of the communication. Respondent shall file his client inventories timely during the first week of each month without a reminder from his supervisor. Respondent's supervisor shall call the Director's Office in the second week of each month if the inventory has not been received.

d. Respondent shall continue to treat with Dr. Dan Barron on behavior modification techniques and shall authorize Dr. Barron to communicate with his supervisor and the Director's Office regarding his treatment. Respondent shall attend all appointments recommended by Dr. Barron. Respondent shall not dis-

continue treatment with Dr. Barron until he has found another counselor approved by the Director's Office. Respondent shall authorize Dr. Barron to notify the Director's Office immediately by telephone regarding any failed appointment or failure to cooperate with his treatment plan.

e. Respondent shall remain compliant with medication and treatment regimens prescribed by his physicians.

f. Respondent's public probation shall continue until the later of two years from the date of this order or until respondent has completely satisfied the Weller and U.S. West Dex judgments against him and his treating psychologist certifies that probation is no longer necessary or helpful.

g. Failure to comply with any of the terms of this stayed suspension shall result in automatic suspension upon the motion of the Director's Office.

h. Respondent shall pay $900 in costs under Rule 24, RLPR.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Barrie S. Schumack is suspended from the practice of law for six months, stayed, and respondent is placed on supervised probation subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs under Rule 24, RLPR.

BY THE COURT:
Paul H. Anderson
Associate Justice